# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MELISSA L. VARGA,

        Plaintiff,

    v.                                        Case No. 12-C-1102

MICHAEL J ASTRUE,
Commissioner of Social Security,

        Defendant.

---

## ORDER AWARDING FEES

This case is before the court for review of the Plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. On appeal from the Commissioner's denial of disability benefits, this court affirmed the decision of the Commissioner, but the Seventh Circuit reversed and remanded the action. In doing so, the Seventh Circuit relied in part on a recent decision, *Yurt v. Colvin,* to find that the ALJ's question to the vocational expert was inadequate because it failed to incorporate moderate limitations in concentration, persistence or pace. 758 F.3d 850 (7th Cir. 2014). The court of appeals found: "Here, there is medical evidence in the record that Varga has moderate difficulties maintaining concentration, persistence, and pace. Most notably, Dr. Rattan's assessment of Varga's mental RFC for the state agency noted moderate difficulties in seven areas related to concentration, persistence, and pace." *Varga v. Colvin,* 794 F.3d 809, 814 (7th Cir. 2015). The court also observed that there was no narrative discussion of the Plaintiff's limitations in the record because the agency lost the electronic worksheet. *Id.* at 817.

The question before me is whether the government's position, though it did not carry the

day, was nevertheless substantially justified. Notably, the government has not responded to the motion, which makes it more difficult to find in its favor. In any event, I conclude that the government's position was not substantially justified. Although I agreed with the Commissioner in its appeal to this court, the court of appeals explicitly rejected this court's reading of the agency's regulations. The court also found that the absence of a narrative discussion made it imperative for the ALJ to incorporate the limitations from Section 1 of the MRFCA form. The court of appeals' treatment of the issue of questions posed to vocational experts does not leave much gray area. Accordingly, I must conclude that the government's approach was not substantially justified.

The Plaintiff seeks some $22,738.82 in fees, which includes $3,800 of paralegal time and $350 for the district court filing fee. As set forth in an itemized declaration, this reflects some 104 hours of attorney time billing at $178 per hour. The rate reflects inflation and the fact that counsel who take Social Security cases generally would not take them if the compensation were less. Counsel has provided ample precedent for the adjusted hourly rate, and the hours billed appear reasonable in light of the fact that this case went to the court of appeals. Accordingly, the motion is **GRANTED**.

The Defendant shall pay a fee award of $22,738.82. If counsel for the parties verify Plaintiff owes no pre-existing debt subject to offset, the Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel. If Plaintiff owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to Plaintiff and mailed to the business address of Plaintiff's attorney.

**SO ORDERED** this 10th day of February, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3